IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 07-437 |
| RODNEY LAW | : | |

ORDER AND MEMORANDUM

**O R D E R**

**AND NOW**, this 13th day of December, 2007, upon consideration of Defendant's Motion for Dismissal Pursuant to the Speedy Trial Act (Document No. 10, filed October 17, 2007), the Government's Response and Memorandum of Law in Opposition to Defendant's Motion for Dismissal Pursuant to the Speedy Trial Act, the Government's Supplemental Response and Memorandum of Law in Response to Defendant's Motion for Dismissal Pursuant to the Speedy Trial Act, and Defendant's Supplemental Memorandum of Law in Favor of Dismissal with Prejudice Pursuant to the Speedy Trial Act, **IT IS ORDERED** that Defendant's Motion for Dismissal Pursuant to the Speedy Trial Act is **GRANTED**, and the Indictment is **DISMISSED WITHOUT PREJUDICE**.

**MEMORANDUM**

I.   FACTUAL BACKGROUND

On January 13, 2005 defendant appeared before Magistrate Judge Thomas J. Reuter in the Eastern District of Pennsylvania for his initial appearance on the Complaint filed by the Government on January 6, 2005. On February 10, 2005 a grand jury returned an Indictment charging defendant with one count of possession with intent to distribute cocaine base ("crack")

in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), one count of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A), and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Defendant's trial was initially scheduled for April 18, 2005.

On three occasions after his initial indictment, defendant moved for a trial continuance. First, defendant moved for a trial continuance on April 12, 2005. That motion was granted by the Court on April 13, 2005, and the trial was continued to June 6, 2005. Next, on May 24, 2005, defendant moved for a second trial continuance. That motion was granted by the Court on May 25, 2005, and the trial was continued to October 31, 2005. Finally, on October 28, 2005, defendant moved for a third trial continuance. That motion was granted by the Court the same day, and the trial was continued to January 17, 2006. On each occasion that the Court granted a continuance, defendant waived his Speedy Trial Act rights for the duration of the continuance, and the Court excluded time pursuant to 18 U.S.C. § 3161(h)(8)(A) after finding that the ends of justice served by taking such action outweighed the best interest of the public and the defendant in a speedy trial.

On January 17, 2006, the day that trial was scheduled to commence, the Government made an oral motion for a trial continuance based on the unavailability of the Government's chief witness, Tyiesha Falligan. The Court granted the Government's request and continued trial to March 13, 2006. In granting the Government's motion, the Court excluded time under the Speedy Trial Act on two grounds: first, the unavailability of an essential witness, 18 U.S.C. § 3161(h)(3)(A); and second, its finding that pursuant to 18 U.S.C. § 3161(h)(8)(A) the ends of

justice served by continuing the case from January 17, 2006 to March 13, 2006 outweighed the best interest of the public and the defendant in a speedy trial. The Court also issued a material witness warrant and directed the Government to report within thirty (30) days on its progress in finding Tyiesha Falligan.

On March 10, 2006 the Government informed the Court that it remained unable to locate its essential witness. Because it could not proceed to trial without the witness, the Government moved to dismiss the Indictment against defendant without prejudice. The Court granted the Government's Motion and dismissed the Indictment without prejudice on March 10, 2006.

In the months that followed, the Court remained in contact with the Government concerning the status of defendant's case and the Government's ongoing efforts to locate Tyiesha Falligan. On August 28, 2006 Tyiesha Falligan was arrested in Montgomery County, PA, on an unrelated state matter. She was released to the custody of Drug Enforcement Administration agents on September 21, 2006 and she appeared before Magistrate Judge L. Felipe Restrepo in the Eastern District of Pennsylvania the following day, pursuant to the material witness warrant.

On August 1, 2007 a grand jury returned the instant Indictment charging defendant with the same four counts with which he was charged originally. On September 20, 2007 defendant was arraigned on the second Indictment before Magistrate Judge David R. Strawbridge in the Eastern District of Pennsylvania. At the time of his arraignment defendant was in state custody, having been sentenced on state charges unrelated to his federal Indictment.

On October 17, 2007 defendant filed the instant Motion for Dismissal Pursuant to the Speedy Trial Act. Defendant argues that more than seventy (70) days of non-excludable speedy trial time elapsed between the filing of the initial Indictment and the date he filed the instant

Motion, and that the Court is therefore required to dismiss the Indictment. On October 25, 2007 the Government filed a Response to Defendant's Motion in which it argued that no Speedy Trial Act violation occurred. The Government also argued, in the alternative, that the Indictment should be dismissed without prejudice should the Court find that the Act was violated.

This Court held a hearing on Defendant's Motion on November 1, 2007, after which it ordered that the parties prepare supplemental briefing on the issues raised in the Motion. In its Supplemental Response (Document No. 20, filed November 16, 2007), the Government conceded that the Speedy Trial Act was violated and argued for dismissal of the Indictment without prejudice. In response, defendant filed a Supplemental Memorandum, (Document No. 21, filed November 26, 2007), asserting that the Indictment should be dismissed with prejudice. Defendant argues that the Government irresponsibly delayed prosecution of his case, undermining the objectives of the Speedy Trial Act and prejudicing him by making it impossible for him to serve his state and potential federal sentences concurrently.

## II. DISCUSSION

### A.  THE SPEEDY TRIAL ACT VIOLATION

18 U.S.C. § 3161(c)(1) provides that "In any case in which a plea of not guilty is entered, the trial of a defendant . . . shall commence within seventy days from the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." Where a trial is delayed for more than seventy days, and the cause of the delay does not fit within an exclusion specified in 18 U.S.C. § 3161(h), an indictment must be dismissed. See Zedner v. United States, 126 S.Ct. 1976, 1984 (2006) ("If a trial does not begin on time, the defendant may move, before the start of

trial or the entry of a guilty plea, to dismiss the charges, and if a meritorious and timely motion to dismiss is filed, the district court must dismiss the charges . . . ."); see also United States v. Lattany, 982 F.2d 866, 871 (3d Cir. 1992).

In this case, because defendant's first appearance took place before the filing of the initial Indictment, the Speedy Trial Act clock began to run on February 10, 2005.  See 18 U.S.C. § 3161(c)(1) (stating that clock begins at later date of initial appearance or filing of the indictment).  The clock continued to run from February 10, 2005 until April 12, 2005, when defendant filed his first motion for a continuance.  From April 12, 2005, through the dismissal of defendant's initial Indictment on March 10, 2006, all elapsed time was properly excluded under the Speedy Trial Act.  The brief time from April 12, 2005 through April 13, 2005 was excluded pursuant to § 3161(h)(1)(F), while the Court considered defendant's Motion to Continue Trial.  Section 3161(h)(1)(F) excludes any delay "resulting from other proceedings concerning the defendant," including "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  All time from April 13, 2005 through January 17, 2006 was properly excluded at the request of the defendant, upon specific findings by the Court "that the ends of justice served by [excluding time] outweigh[ed] the best interest of the public and the defendant in a speedy trial." § 3161(h)(8)(A); see also Lattany, 982 F.2d at 876-77 (discussing district court's power to grant "ends of justice" continuance).  From January 17, 2006, through the dismissal of the defendant's initial Indictment on March 10, 2006, the Court properly excluded time based on the unavailability of an essential witness, § 3161(h)(3)(A), and its finding that the "ends of justice" were best served by a continuance. § 3161(h)(8)(A).

Based on this analysis, the Court finds that sixty-one (61) non-excludable days elapsed between the filing of the Indictment on February 10, 2005 and the dismissal of that Indictment on March 10, 2006.

The Speedy Trial Act clock stopped at the point the Court dismissed defendant's Indictment upon motion of the Government. See 18 U.S.C. § 3161(h)(6) ("If the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense . . . any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge [is excluded]."). When the Government reindicted defendant, however, it was not entitled to a new seventy-day window in which to bring the case to trial. Rather, as the Government concedes, "any unexcluded speedy trial time for the dismissed prosecution is carried over to a reprosecution." United States v. Gambrione, 920 F.2d 176, 179 (2d Cir. 1990); see also United States v. Abdush-Shakur, 465 F.3d 458, 463 n.4 (10th Cir. 2006); United States v. Hoslett, 998 F.2d 648, 658 (9th Cir. 1993); United States v. Leone, 823 F.2d 246, 248 (8th Cir. 1987). Therefore, the Court must compute Speedy Trial Act time by combining the elapsed days from defendant's dismissed and pending indictments.

Although defendant was reindicted on August 1, 2007, he did not appear on that Indictment until September 20, 2007. Thus, the Speedy Trial Act clock began running again on September 20, 2007, the later of those two dates. See 18 U.S.C. § 3161(c)(1). The clock stopped on October 17, 2007, the date defendant filed the instant motion. See 18 U.S.C. § 3161(h)(1)(F). All time since October 17, 2007 may be excluded, by reason of defendant's pending motion. See id.

The Government argued in its initial Response to Defendant's Motion that the time from September 20, 2007 through October 20, 2007 should be excluded for Speedy Trial Act purposes because 18 U.S.C. § 3161(c)(2) provides that trial may not commence without the defendant's consent until at least thirty (30) days after the defendant first appears with counsel. Expanding on this position the Government asserted that because defendant did not consent to begin trial within thirty days of his initial appearance, the thirty-day period should be excluded under the Speedy Trial Act. Although the Government abandoned this position in its Supplemental Memorandum, the Court nonetheless notes that the argument fails for two reasons. First, the thirty-day window provided in § 3161(c)(2) is not listed among the specific exclusions specified in 18 U.S.C. § 3161(h), and the Court may not read a new exception into the statute. See Lattany, 982 F.2d at 871 (noting that § 3161(h) provides "nine **exclusive** circumstances warranting exclusion") (emphasis added). Second, a defendant reindicted for the same offense charged in an earlier indictment is not entitled to the thirty-day period provided in § 3161(c)(2) if thirty days elapsed after his initial indictment.

In United States v. Rojas-Contreras, the Supreme Court held that a defendant is not entitled to a new thirty-day period after the Government files a superseding indictment. 474 U.S. 231, 236-37 (1985). In an opinion concurring in the judgment, Justice Blackmun explained that the same result must necessarily apply when the Government dismisses an indictment and subsequently reindicts the defendant. Id. at 239 (Blackmun, J., Concurring in the Judgment); see also United States v. Balistrieri, 779 F.2d 1191, 1226-28 (7th Cir. 1985) (holding defendant not entitled to a new thirty-day window after reindictment); cf. United States v. Gonzales, 137 F.3d 1431, 1434-36 (10th Cir. 1998) (dismissing case on Speedy Trial Act grounds without excluding

thirty-days for trial preparation after reindictment). As Justice Blackmun noted, "To permit a new 30-day period, but not a new 70-day period, could lead to a result surely not intended by Congress, namely, that there is no day on which a defendant could be brought to trial." Rojas-Contreras, 474 U.S. at 239 (Blackmun, J., Concurring in the Judgment). If the Government's initial position was correct, Justice Blackmun's concern would apply to this case, as there would have been no time to try defendant, without his consent, after his reindictment. Because such a result would clearly be contrary to congressional intent, the Court agrees with Justice Blackmun and the Seventh Circuit that defendant was not entitled to a second thirty-day window.[1] For these reasons, the time from September 20, 2007 through October 20, 2007 may not be excluded.

Based on the preceding analysis, the Court finds that twenty-seven (27) non-excluded days elapsed after reindictment. Combining the non-excluded time from both indictments, a total of eighty-eight (88) days have elapsed since issuance of the first Indictment. Because that total exceeds the seventy days permitted under the Speedy Trial Act, the Court grants Defendant's Motion for Dismissal Pursuant to the Speedy Trial Act.

### B. DISMISSAL WITHOUT PREJUDICE

When dismissing an indictment pursuant to the Speedy Trial Act, a court may do so with or without prejudice, and the Act expresses no preference for either outcome. See United States v. Taylor, 487 U.S. 326, 335 & n.8 (1988). However, the Speedy Trial Act specifies three factors district courts must consider, among other factors, when deciding whether to dismiss an

---

[1] This is not to say that a defendant should be compelled to proceed to trial within thirty days after reindictment. As the Rojas-Contreras Court explained, "[t]he authority of the District Court to grant an 'ends of justice' continuance should take care of any case in which the Government seeks a superseding indictment which operates to prejudice a defendant." 474 U.S. at 236. That same reasoning would apply after reindictment.

indictment with or without prejudice. These factors are: "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; [3] and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2); see also Taylor, 487 U.S. at 332-33. The Third Circuit has also noted that "we would anticipate that no criminal proceeding would be dismissed with prejudice without the court having considered and balanced the length of the delay, the reasons for the delay, and the prejudice from the delay to defendant." Gov't of Virgin Islands v. Bryan, 818 F.2d 1069, 1076 (3d Cir. 1987).

      The first factor the Court must consider is the seriousness of the offense. The grand jury Indictment charges defendant with two drug counts and two gun counts. According to the Government, defendant faces a potential sentence of life in prison, with a mandatory ten (10) year sentence if convicted on all counts. (Gov.'s Resp 5.) The Government also notes the intent of Congress to keep firearms away from those who pose a threat to the community. (Id.) (citing Ball v. United States, 470 U.S. 856, 862 (1985)). Defendant does not contest that these are serious charges. (Def.'s Supplemental Mem. 1.)

      The Court finds, based on the nature of the alleged crimes and potential penalties, that the charges are serious. See, e.g., Gambrione, 920 F.2d at 180 (noting with approval the trial court finding a narcotics offense serious); United States v. Brown, 770 F.2d 241, 244 (1st Cir. 1985) ("The distribution of a substantial amount of a hard drug like cocaine is a serious and grave offense against society as a whole, and the district court properly found that the offense weighed heavily in favor of dismissal without prejudice."); United States v. Archer, 984 F. Supp. 321, 323 (E.D. Pa. 1997) (finding that distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) constitutes a serious offense).

The Court must next consider the facts and circumstances that led to dismissal. 18 U.S.C. § 3162(a)(2); Taylor, 487 U.S. at 332-33.  In this case, the actual Speedy Trial Act violation resulted in eighteen days of added delay.  The Government argues that there is no evidence of wrongdoing or a lack of diligence on its part meriting the stronger remedy of dismissal with prejudice.  The Court agrees.[2]

The Speedy Trial Act clock expired in this case because neither party recognized at the time of reindictment that the speedy trial time from defendant's first indictment carried over to this one.  Had the parties realized that the Speedy Trial Act clock did not restart, they could have requested an earlier trial date or sought the exclusion of time pursuant to 18 U.S.C. § 3161(h). An innocent mistake on the Government's part does not warrant dismissal with prejudice, especially where the Government was not alone in miscalculating time.  See Abdush-Shakur, 465 F.3d at 463 (upholding dismissal without prejudice where Government made inadvertent error); United States v. Kottmyer, 961 F.2d 569, 572-73 (6th Cir. 1992) (same); Archer, 984 F. Supp. at 323 (dismissing indictment without prejudice where Speedy Trial Act violation resulted from inadvertent mistake by the Government and not bad faith or neglect).

The third Speedy Trial Act factor directs the Court to weigh "the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2); see also Taylor, 487 U.S. at 332-33.  This factor "requires the district court to consider whether the delay has prejudiced the defendant . . . and whether dismissal with

---

[2] To the extent that there has been a delay in prosecuting this case beyond the eighteen days of chargeable Speedy Trial Act time, the Court will consider that delay in assessing the impact of reprosecution "on the administration of this chapter and on the administration of justice."  18 U.S.C. § 3162(a)(2).

prejudice is warranted to ensure future compliance with the Act." Kottmyer, 961 F.2d at 573 (citing Taylor, 487 U.S. at 340-42).

Defendant makes two arguments as to why this latter factor demands dismissal with prejudice. Before addressing defendant's arguments, the Court notes one argument on which defendant failed to present evidence – that the delay prejudiced his ability to defend this case. In his initial motion, defendant made an unsubstantiated assertion that "[m]any of the facts are already stale." (Def.'s Mot. 6.) Defendant's failure to present evidence of prejudice to his ability to mount a defense is significant. In the Sixth Amendment speedy trial context, the Supreme Court has held that the most significant factor in determining prejudice is the "possibility that the defense will be impaired." Barker v. Wingo, 407 U.S. 514, 532 (1972). That is so "because the inability of a defendant adequately to prepare his cause skews the fairness of the entire system." Id. Prejudice to the defense is also an important factor in the statutory speedy trial context. See Taylor, 487 U.S. at 341.

Defendant first argues that the Government's failure to bring this "not remarkable" case to trial for more than thirty-three months reflects a lack of diligence. (Def.'s Supplemental Mem. 2.) Defendant contends that dismissal without prejudice would transform the Speedy Trial Act into "a tool for delay" by the prosecution. (Id.) In support of this position, defendant notes that if the Court dismisses the Indictment without prejudice, the Government will not have a deadline for reindictment and the Speedy Trial Act clock will reset upon reindictment. (Id.)

Defendant essentially argues that allowing the Government to reindict defendant would undermine the purposes and administration of the Speedy Trial Act. However, an examination of the record shows that the Government is not responsible for most of the delay in this case.

Defendant was initially indicted on February 10, 2005. The first two months after indictment provided counsel time to prepare for trial, necessary in any criminal case. From April 12, 2005 through January 17, 2006 trial was continued three times at defendant's request. From January 17, 2006, the date that essential witness Tyiesha Falligan went missing, until September 21, 2006, the date that she was released to the custody of Drug Enforcement Administration agents, the Government could not proceed with prosecution of the case because of the witness's unavailability. These delays account for more than half of the elapsed time in this case.

In its Supplemental Response and Memorandum of Law, the Government explains that on December 20, 2006 it presented evidence to the grand jury in its effort to reindict defendant. (Gov.'s Supplemental Resp. 2.) On that date, Tyiesha Falligan, an essential witness, again failed to appear. (Id.) This new setback forced the Government to attempt to locate Ms. Falligan and reasses her willingness to assist in the prosecution. Government counsel required time to work with Ms. Falligan and consult with his supervisors before proceeding. (Id. at 2-3.) The Government was finally able to reindict defendant on August 1, 2007.

The Court shares defendant's concern about the length of time it has taken to prosecute this case. The Court notes, however, that the Government was placed in the difficult situation of managing a case with an unpredictable and intransigent essential witness. The Court also notes that any unnecessary delay between dismissal of the first Indictment and reindictment constituted a small part of the elapsed time in this case. The delay, without more, is not sufficient to warrant dismissal with prejudice. Furthermore, while the Government might have been able to proceed more quickly, it did not act in bad faith or with the intent to gain unfair advantage. See Taylor, 478 U.S. at 339 (reversing dismissal of indictment with prejudice under the Speedy Trial Act

where District Court did not find "that the Government acted in bad faith"). Similarly, the Court finds no pervasive pattern of negligence or delay on the part of the United States Attorney's office in this District. Id. (noting that District Court found no "pattern of neglect by the local United States Attorney"); Gambrione, 920 F.2d at 182 (approving dismissal with prejudice in part based on pattern of delay in local United States Attorney's office).

While dismissal with prejudice sends a particularly strong message to the Government, dismissal without prejudice is not a "toothless sanction." Taylor, 487 U.S. at 342 (noting that dismissal without prejudice risks later dismissal on statute of limitations grounds and that reprosecution can be costly even where permitted); see also Zedner v. United States, 126 S.Ct. at 1984-85 (noting that dismissal with prejudice "imposes some costs on the prosecution and the court, which further encourages compliance"). Securing a new indictment will be particularly burdensome for the Government in this case in light of the time and resources it expended reindicting defendant the first time. Accordingly, given the absence of bad faith or a pattern of neglect on the Government's part, the stronger remedy of dismissal with prejudice is not necessary to safeguard the administration of the Act.[3]

Defendant's second argument is that the delay in the resolution of this case has deprived him of the ability to serve his current state sentence concurrently with a potential federal

---

[3] Defendant argues that irrespective of who is responsible for the delay, United States v. Stayton provides that an excessive delay in and of itself is grounds for dismissal. 791 F.2d 17 (2d Cir. 1986). In Stayton, the Second Circuit dismissed an indictment with prejudice after finding that an unjustifiable twenty-three month delay between jury voir dire and commencement of trial violated the defendant's Speedy Trial Act rights. Id. at 21-22. Defendant's reliance on Stayton is misplaced, as the Second Circuit's holding turned on the lack of any justification for the extended delay. While the total elapsed time since defendant's initial prosecution has been longer than the twenty-three month delay in Stayton, "the type of administrative neglect that occurred [in Stayton]" is not present in this case. Id. at 22.

13

sentence. Defendant was convicted in the Philadelphia Court of Common Pleas for two firearms offenses on March 9, 2004. He was sentenced in state court on March 29, 2006 to a term of imprisonment of one year and six months to three years, to be followed by five years and five days of probation. Defendant, who is currently serving his state sentence in federal custody, has completed his minimum period of state incarceration. Defendant asserts that, but for the delay in his federal prosecution, he "would have been able to construct a deal where this state time could have been served in a Federal Institution concurrent with any time he received in the present matter." (Def.'s Supplemental Mem. 2.)

The Court may consider, in the speedy trial context, the loss of a defendant's ability to serve concurrent sentences. See Smith v. Hooey, 393 U.S. 374, 378 (1969) (observing, in case involving delay in state-court prosecution, "the possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed."). In this case, there are two possible scenarios whereby defendant could have served concurrent sentences. First, had defendant already been convicted and sentenced in the instant matter, this Court could have sentenced him to a federal term of imprisonment concurrent with his state sentence. Second, had defendant been convicted and sentenced in federal court before he was sentenced in state court, he could have sought a concurrent sentence in the Philadelphia Court of Common Pleas. For the reasons that follow, the Court finds that the possibility of a concurrent sentence is too speculative under either scenario to warrant dismissal with prejudice.

Defendant is correct that had he been convicted and sentenced earlier in this case, but after imposition of his state court sentence, this Court would have had discretion to impose a

concurrent sentence.  See U.S.S.G. § 5G1.3(c) (2007) (stating general rule that where offense of conviction in federal court is unrelated to offense for which defendant is serving undischarged sentence, sentencing judge may impose a term of imprisonment "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment").  However, the Court would only have had this discretion with respect to some, but not all, of the charges in the Indictment.  See 18 U.S.C. § 924(c)(1)(D)(ii) (stating that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person . . . .").  Furthermore, notwithstanding the Court's discretion, defendant had no right to a concurrent sentence.  See United States v. Lainez-Leiva, 129 F.3d 89, 92 (2d Cir. 1997) (noting that U.S.S.G. § 5G1.3(c) does not require a district court to impose a concurrent sentence, and finding that loss of a potential concurrent sentence did not establish prejudice giving rise to Sixth Amendment speedy trial violation); United Sentence v. Fuzer, 18 F.3d 517, 520 (7th Cir. 1994) (citations omitted) ("[W]e are aware of no case law, nor has any been provided to us, even suggesting that a felon has a right to serve his federal and state sentences concurrently."); United States v. Bey, 499 F.2d 194, 203 (3d Cir. 1974) ("[T]he courts have uniformly held that a defendant has no right to a concurrent sentence . . . .").

Defendant's argument also fails to account for the timing of events in this case.  Defendant was sentenced in state court on March 29, 2006.  At that point, he was not under federal indictment because Tyiesha Falligan had evaded federal authorities and failed to comply with the material witness warrant issued by this Court.  Ms. Falligan did not reappear until six months after defendant was sentenced and, even then, she continued to hamper prosecution of this case.  In light of these events, it is speculative that defendant could have been tried and sentenced with any substantial portion of his minimum state sentence remaining.

Defendant argues that had he been convicted and sentenced first in federal court he could have asked the state court judge to impose a concurrent sentence. However, defendant has presented no evidence as to the feasibility of a concurrent sentence for gun crimes under Pennsylvania law. Because the Court cannot predict with any certainty what a Pennsylvania sentencing court might or might not have done in an unrelated case, it concludes that defendant's argument is too speculative to merit dismissal with prejudice. See United States v. White, 985 F.2d 271, 276 (6th Cir. 1993) (citing United States v. Cyphers, 556 F.2d 630 (2d Cir.), cert. denied, 431 U.S. 972 (1977)) (fact that defendant was prevented from having his state and federal court sentences run concurrently was "not sufficient to constitute 'substantial prejudice'" for Sixth Amendment speedy trial purposes).

Finally, in assessing defendant's prejudice argument, the Court notes that the Speedy Trial Act requires consideration of the "impact of a reprosecution on the . . . administration of justice." While defendant's rights are of paramount concern to the Court, dismissing the Indictment with prejudice would seriously undermine the justice system. "'It certainly is not in the best interest of justice or the public to allow this defendant to avoid prosecution in these circumstances,' where 'there is no evidence that a delay in the indictment gave the government a tactical advantage, that the delay was purposeful, or that the defendant was unfairly prejudiced by the delay.'" Archer, 984 F. Supp. at 324 (quoting United States v. Long, 858 F.Supp. 601, 604 (N.D. W. Va. 1994)). Thus, while the Court has given defendant's arguments serious consideration, it concludes that defendant has not demonstrated prejudice sufficient to warrant dismissal with prejudice.

Defendant correctly states that the Government will be entitled to a new seventy-day period in which to bring the case to trial if it reindicts defendant.  See 18 U.S.C. § 3161; see also Abdush-Shakur, 465 F.3d at 463 n.4 (citing United States v. Andrews, 790 F.2d 803, 809 n.9 (10th Cir. 1986); United States v. Brown, 183 F.3d 1306, 1310 (11th Cir. 1999); United States v. Duque, 62 F.3d 1146, 1150 (9th Cir. 1995); Giambrone, 920 F.2d at 179).  However, contrary to defendant's assertion, dismissal without prejudice does not provide the Government "an open-ended continuance."  (Def.'s Supplemental Mem. 1.)  Should the Government inexcusably delay the progress of this case, defendant may assert a Sixth Amendment speedy trial right challenge to reprosecution.  See generally Barker, 407 U.S. 529-33 (establishing framework for constitutional speedy trial challenges).

### III.  CONCLUSION

Balancing the factors set out in the Speedy Trial Act, Taylor and Bryan, the Court concludes that the seriousness of the charged offenses and absence of bad faith on the part of the Government warrant dismissal of the Indictment without prejudice.  Dismissal with prejudice is not necessary to ensure compliance with the Act and defendant has not demonstrated prejudice sufficient to outweigh the factors favoring dismissal without prejudice.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois    .**
**JAN E. DUBOIS, J.**